## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| EDMUND PHILLIPS, | : | HABEAS CORPUS |
|   Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| WARDEN DREW, | : | CIVIL ACTION NO. |
|   Respondent. | : | 1:14-CV-1059-RWS-JFK |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Petitioner, Edmund Phillips, has submitted this 28 U.S.C. § 2241 federal habeas corpus petition in which he seeks to challenge his 2001 federal armed robbery and firearm convictions. (Doc. 1); see also United States v. Phillips, 42 F. App'x 743 (6th Cir. 2002). Petitioner has paid the filing fee, and the matter is before the Court for consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"), as applied to § 2241 petitions. See Rules Governing Section 2254 Cases, Rule 1(b).

Under Rule 4, federal district courts must examine habeas petitions before any pleading by the respondent and "dismiss summarily any habeas petition that appears legally insufficient on its face[.]" Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011) (quoting McFarland v. Scott, 512 U.S. 849, 856 (1994)) (internal quotation marks

omitted) (discussing federal habeas corpus scheme), cert. denied, _U.S. _, 132 S. Ct. 1910 (2012).  It is recommended that this action be dismissed.

**I.      Discussion**

    **A.      Background**

In March 2001, Petitioner pleaded guilty to armed bank robbery and, in April 2001, pleaded guilty to additional charges of armed bank robbery and a charge of carrying a firearm in relation to a crime of violence.  United States v. Phillips, No. 1:99-cr-0091-GJQ-2 (W.D. Mich. June 25, 2001) (bank robbery); United States v. Phillips, No. 1:01-cr-0055-GJQ-1 (W.D. Mich. June 25, 2001) (bank robbery and carrying a firearm in relation to a crime of violence);[1] see also Phillips, 42 F. App'x at 743.  Petitioner was sentenced to a total of 312 months of imprisonment on both convictions.  Phillips, 42 F. App'x at 743.  Petitioner appealed in both cases, and on August 5, 2001, the Sixth Circuit Court of Appeals affirmed the judgment against Petitioner.  Id., 42 F. App'x at 744.

---

[1]United States v. Phillips, No. 4:01-cr-0009-HL (M.D. Ga. Mar. 2001), was transferred from the Middle District of Georgia and docketed in the Western District of Michigan as case number 1:01-cr-0055.  When addressing that conviction in Petitioner's later 28 U.S.C. § 2255 motion, Petitioner and the court sometimes refer to the original case number from the Middle District of Georgia.

In July 2003, Petitioner filed a § 2255 motion for both convictions and contended, among other things, that his uncounseled juvenile convictions were improperly used as a basis for calculating his criminal history points. Mot. to Vacate at 4-6, Phillips v. United States, No. 1:03-cv-0461-GJQ (W.D. Mich. Nov. 19, 2003). The sentencing court (1) found that the record and pre-sentence report showed that Petitioner either had counsel or had waived counsel for his juvenile proceedings, (2) went on to state that Petitioner personally had assured the court that he had no objections to any factual matter in the pre-sentence report and that "[n]o defendant should be allowed to sandbag his counsel and the court by giving false answers[,]" and (3) denied relief. Mem. at 2-3, Phillips, No. 1:03-cv-0461-GJQ, ECF No. 10. The Sixth Circuit Court of Appeals affirmed the denial of § 2255 relief. Phillips v. United States, 238 F. App'x 89, 96 (6th Cir. 2007).

In his current § 2241 petition, Petitioner asserts that he can bring a free-standing actual innocence claim under § 2241. (Doc. 1 at 6 and Mem. at 3). Petitioner relies on McQuiggin v. Perkins, _ U.S. _, 133 S. Ct. 1924 (2013); Begay v. United States, 553 U.S. 137 (2008); and Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), and asserts (1) that "[n]o juvenile convictions can be used" and he is innocent of the criminal history points that were applied to him based on his juvenile convictions and

(2) that <u>Perkins</u> makes it clear that actual innocence trumps any "procedural" bar created by § 2255.  (<u>Id.</u>, Mem. at 2-4).

### B.	Law and Recommendation

Generally, a federal conviction may be challenged only via a § 2255 motion. <u>Bryant</u>, 738 F.3d at 1256.  "However, the savings clause in § 2255(e) permits the prisoner to file a § 2241 habeas petition when a § 2255 motion was 'inadequate or ineffective to test the legality of his detention.'"  <u>Bryant</u>, 738 F.3d at 1256 (citing § 2255(e)).  "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim . . . ."  <u>Bryant</u>, 738 F.3d at 1262 (internal quotation marks and citation omitted).  The petitioner bears the burden of showing that the savings clause applies and must establish, among other things, that "(1) throughout his sentencing, direct appeal, and first § 2255 proceeding," relevant circuit "precedent had specifically addressed . . . and had squarely foreclosed" his claim; "(2) subsequent to his first § 2255 proceeding, the Supreme Court[] . . . overturned" that precedent; (3) the new rule applies retroactively on collateral review; and (4) as a result of the new retroactive rule, the petitioner stands convicted of a non-existent offense or the petitioner's sentence exceeds the statutory maximum for his crime of conviction.

4

AO 72A
(Rev.8/82)

Bryant, 738 F.3d at 1262, 1264, 1271, 1274 (discussing and synthesizing prior precedent on the savings clause).

Petitioner fails to show that the savings clause applies. Petitioner presents no circuit precedent that squarely foreclosed his claim during sentencing, direct appeal, and his § 2255 proceedings and that has been overturned by the Supreme Court. The Sentencing Guidelines, Sixth Circuit precedent, and Eleventh Circuit precedent allow juvenile convictions to be counted as part of a defendant's criminal history. See United States v. Hickson, 204 F. App'x 859, 863 (11th Cir. 2006) (citing U.S.S.G. § 4A1.2(d) and United States v. Chanel, 3 F.3d 372, 373 (11th Cir. 1993)); United States v. Williams, 176 F.3d 301, 311 (6th Cir. 1999). That precedent has not been overturned by the United States Supreme Court. Begay and McQuiggin, relied on by Petitioner, provide no ruling on the use of juvenile convictions in determining a defendant's criminal history. Begay holds that a New Mexico conviction for driving under the influence of alcohol does not qualify as a crime of violence under 18 U.S.C. §924(e)(1)). Begay, 553 U.S. at 148. McQuiggin holds that a plea of actual innocence can overcome the federal limitations period for habeas corpus petitions. Id., _ U.S. at _, 133 S. Ct. at 1928.

AO 72A
(Rev.8/82)

Petitioner is incorrect in stating that he can bring a free-standing actual innocence claim under § 2241 and that actual innocence trumps § 2255(e). A plea of actual innocence does not entitle a person to § 2241 review without a showing that § 2255 is inadequate or ineffective, as required by § 2255(e), the savings clause. A petitioner must show that § 2255 is inadequate or ineffective, which Petitioner has not done. See Daniels v. Warden, 538 F. App'x 850, 852-53 (11th Cir. 2013) (stating that after a petitioner shows that the savings clause applies, thus opening the portal to a § 2241 proceeding, he *then* must demonstrate actual innocence), cert. denied, _ U.S. _, 134 S. Ct. 1803 (2014); Williams v. Warden, 713 F.3d 1332, 1338-39 (11th Cir. 2013) (holding that the savings clause requirements are jurisdictional), petition for cert. filed, No. 13-1221 (U.S. Apr. 8, 2014).

## II. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that the petition for a writ of habeas corpus, (Doc. 1), be **DISMISSED**.

6

The Clerk is **DIRECTED** to withdraw the reference to the undersigned.

**IT IS SO RECOMMENDED**, this 14th day of May, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE