IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDMUND PHILLIPS, | : | HABEAS CORPUS |
|   Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| WARDEN DREW, | : | CIVIL ACTION NO. |
|   Respondent. | : | 1:14-CV-1059-RWS-JFK |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Petitioner's 28 U.S.C. § 2241 federal habeas corpus petition in which he seeks to challenge his 2001 federal armed robbery and firearm convictions [1], the Magistrate Judge's Final Report and Recommendation ("R&R") [3], and on Petitioner's objections [5].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548

(11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

I.   **Discussion**

    A.   **Background**

In March 2001, Petitioner pleaded guilty to armed bank robbery, and in April 2001, he pleaded guilty to armed bank robbery and a charge of carrying a firearm in relation to a crime of violence.  United States v. Phillips, No. 1:99-cr-0091-GJQ-2 (W.D. Mich. June 25, 2001) (bank robbery); United States v. Phillips, No. 1:01-cr-0055-GJQ-1 (W.D. Mich. June 25, 2001) (bank robbery and carrying a firearm in relation to a crime of violence).  Petitioner was sentenced to a total of 312 months of imprisonment on both convictions.  See United States v. Phillips, 42 F. App'x 743 (6th Cir. 2002).  Petitioner appealed in both cases, and on August 5, 2002, the Sixth Circuit Court of Appeals affirmed the judgment against Petitioner.  Id., at 744.

2

In July 2003, Petitioner filed a § 2255 motion for both convictions and contended, among other things, that his uncounseled juvenile convictions were improperly used as a basis for calculating his criminal history points. Mot. to Vacate at 4-6, Phillips v. United States, No. 1:03-cv-0461-GJQ (W.D. Mich. Nov. 19, 2003). The court (1) found that the record and pre-sentence report showed that Petitioner either had counsel or had waived counsel for his juvenile proceedings, (2) stated that Petitioner personally had assured the court that he had no objections to any factual matter in the pre-sentence report and that "[n]o defendant should be allowed to sandbag his counsel and the court by giving false answers," and (3) denied relief. Mem. at 2-3, Phillips, No. 1:03-cv-0461-GJQ, ECF No. 10. The Sixth Circuit Court of Appeals affirmed the denial of § 2255 relief. Phillips v. United States, 238 F. App'x 89, 96 (6th Cir. 2007).

In his current § 2241 petition, Petitioner asserts that he can bring a free-standing actual innocence claim under § 2241. (Mem. [1-1] at 3.) Petitioner relies on McQuiggin v. Perkins, _ U.S. _, 133 S. Ct. 1924 (2013); Begay v. United States, 553 U.S. 137 (2008); and Bryant v. Warden, 738 F.3d 1253 (11th Cir. 2013), and asserts (1) that "[n]o juvenile convictions can be used" and he is innocent of the criminal history points that were applied to him based on his juvenile convictions and (2) that

3

McQuiggin makes it clear that actual innocence trumps any "procedural" bar created by § 2255. (Mem. [1-1] at 2-4.)

### B.    The Recommendation, Objections, and Court's Ruling

The Magistrate Judge summarized the law as follows:

> Generally, a federal conviction may be challenged only via a § 2255 motion. Bryant, 738 F.3d at 1256. "However, the savings clause in § 2255(e) permits the prisoner to file a § 2241 habeas petition when a § 2255 motion was 'inadequate or ineffective to test the legality of his detention.'" Bryant, 738 F.3d at 1256 (citing § 2255(e)). "[W]hether the savings clause in § 2255(e) may open the portal to a § 2241 petition is a threshold jurisdictional issue that must be decided before delving into the merits of the petitioner's claim . . . ." Bryant, 738 F.3d at 1262 (internal quotation marks and citation omitted). The petitioner bears the burden of showing that the savings clause applies and must establish, among other things, that "(1) throughout his sentencing, direct appeal, and first § 2255 proceeding," relevant circuit "precedent had specifically addressed . . . and had squarely foreclosed" his claim; "(2) subsequent to his first § 2255 proceeding, the Supreme Court[] . . . overturned" that precedent; (3) the new rule applies retroactively on collateral review; and (4) as a result of the new retroactive rule, the petitioner stands convicted of a non-existent offense or the petitioner's sentence exceeds the statutory maximum for his crime of conviction. Bryant, 738 F.3d at 1262, 1264, 1271, 1274 (discussing and synthesizing prior precedent on the savings clause).

(R&R [3] at 4-5.)

The Magistrate Judge found that the savings clause was inapplicable because the Sentencing Guidelines, Sixth Circuit precedent, and Eleventh Circuit precedent allow

4

juvenile convictions to be counted as part of a defendant's criminal history[1] and because the Sixth and Eleventh Circuit precedent on the matter has not been overturned by the United States Supreme Court. (Id. at 5.) The Magistrate Judge found that McQuiggin, which holds that a plea of actual innocence can overcome the federal limitations period, provides no ruling on the use of juvenile convictions in determining a defendant's criminal history. (R&R [3] at 5.)

The Magistrate further found that there is no free-standing actual innocence claim under § 2241 that trumps § 2255(e), stating as follows:

> A plea of actual innocence does not entitle a person to § 2241 review without a showing that § 2255 is inadequate or ineffective, as required by § 2255(e), the savings clause. A petitioner must show that § 2255 is inadequate or ineffective, which Petitioner has not done. See Daniels v. Warden, 538 F. App'x 850, 852-53 (11th Cir. 2013) (stating that after a petitioner shows that the savings clause applies, thus opening the portal to a § 2241 proceeding, he *then* must demonstrate actual innocence), cert. denied, _ U.S. _, 134 S. Ct. 1803 (2014).

(R&R [3] at 6.)

Petitioner objects to the Magistrate Judge's finding that an actual innocence claim does not trump the savings clause requirements and that the Magistrate Judge did

---

[1] See United States v. Hickson, 204 F. App'x 859, 863 (11th Cir. 2006) (citing U.S.S.G. § 4A1.2(d) and United States v. Chanel, 3 F.3d 372, 373 (11th Cir. 1993)); United States v. Williams, 176 F.3d 301, 311 (6th Cir. 1999).

5

not address whether McQuiggin should be applied retroactively. (Objections [5] at 1, 3.)

On *de novo* review, the Court agrees with the Magistrate Judge. If a petitioner has a viable claim of actual innocence, he cannot bring it under § 2241 unless he shows that § 2255 is inadequate or ineffective. Bryant laid out how a petitioner may make that showing. Petitioner has not made the required showing because he fails to show that binding circuit precedent, which allows juvenile convictions to be used in calculating criminal history points, has been overturned.

## II.  Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's objections [5] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [3] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that the petition [1] is **DISMISSED**.

**SO ORDERED**, this  17th  day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE