IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EDMUND PHILLIPS, | : | HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| WARDEN DREW, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:14-CV-1059-RWS-JFK |

**ORDER**

The matter is before the Court on Petitioner's motion for reconsideration [8], filed approximately six months after the entry of judgment and construed as a Fed. R. Civ. P. 60(b) motion.[1]

**I.   Discussion**

Petitioner brought this action in an attempt to use the savings clause of 28 U.S.C. § 2255 to bring a 28 U.S.C. § 2241 challenge to his March 2001 convictions and sentences, entered in the United States District Court for the Western District of Michigan.  (Pet. at 3; ECF No. 1); see also United States v. Phillips, 42 F. App'x 743 (6th Cir. 2002).  Petitioner argued that certain juvenile convictions had improperly

---

[1] See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Jones v. S. Pan Servs., 450 F. App'x 860, 862 (11th Cir. 2012) ("An untimely Rule 59(e) motion is properly treated by the district court as a Rule 60(b) motion . . . .").

been used in calculating his criminal history points. (See Final Report and Recommendation (R&R) at 3, ECF No. 3.)

The Magistrate Judge found that Petitioner could not use the savings clause to challenge his convictions under § 2241 and recommended that the action be dismissed. (Id. at 5-6.) Petitioner objected, and on June 17, 2014, this Court agreed with the Magistrate Judge –

> On *de novo* review, the Court agrees with the Magistrate Judge. If a petitioner has a viable claim of actual innocence, he cannot bring it under § 2241 unless he shows that § 2255 is inadequate or ineffective. . . . Petitioner has not made the required showing because he fails to show that binding circuit precedent, which allows juvenile convictions to be used in calculating criminal history points, has been overturned.

(Order at 6, ECF No. 6.)

2

Petitioner seeks reconsideration and argues that Descamps v. United States, 570 U.S. _, 133 S. Ct. 2276 (2013),[2] overruled circuit precedent on the application of criminal history points. (Mot., ECF No. 8.)

Rule 60(b) "provides . . . only a limited basis[] for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007).[3] The grounds for Rule 60(b) relief include "(1) mistake, inadvertence,

---

[2] Descamps involves the Armed Career Criminal Act ("ACCA"), which allows an enhanced sentence for a defendant who is convicted of being a felon in possession of a firearm and who has three prior convictions for violent felonies or serious drug offenses. Descamps, _ at _, 133 S. Ct. at 2281. Descamps prohibits use of a modified categorical approach (looking to documents such as indictments and jury instructions in underlying prior convictions) to determine whether a prior conviction under a statute with an indivisible set of elements that criminalizes a broad range of conduct (some of which would not be considered violent or a serious drug offense) qualifies as a predicate offense under the ACCA. Descamps, _ at _, 133 S. Ct. at 2281-83.

[3] Generally, a Rule 60(b) motion that attacks the Court's resolution of a habeas claim should be treated as a successive habeas corpus petition. See Williams, 510 F.3d at 1293-94 (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). Here, the Court finds that its previous decision – that Petitioner may not use the savings clause to bring a § 2241 petition – is not a habeas merits decision such that his Rule 60(b) motion should be treated as a successive petition. See Gonzalez, 545 U.S. at 532 n.4 (stating that a petitioner does not make a habeas claim when "he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar").

surprise, or excusable neglect" and "(6) any other reason that justifies relief."[4] Fed. R. Civ. P. 60(b). "A legal error in a judicial ruling" may provide reason for relief under Rule 60(b)(1). Turner v. Howerton, No. 06-16268, 2007 WL 3082138, at *3 (11th Cir. 2007). Relief under Rule 60(b)(6) requires the petitioner to "show extraordinary circumstances justifying the reopening of a final judgment." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1210 (11th Cir. 2014) (quoting Gonzalez, 545 U.S. at 535) (internal quotation marks omitted), petition for cert. filed, (U.S. Nov. 18, 2014) (Nos. 14-7243, 14A289).

Petitioner shows no legal mistake in the Court's prior ruling or any extraordinary circumstances that otherwise justifies reopening the final judgment in this action. Descamps does not address the use of juvenile convictions in calculating criminal history points and provides no reason for the Court to retreat from its previous decision.

---

[4] Petitioner presents nothing that warrants consideration of Rule 60(b)(2)-(5).

4

**II.     Conclusion**

**IT IS ORDERED** that Petitioner's motion for reconsideration, construed as a Rule 60(b) motion [8], is **DENIED**.[5]

**IT IS SO ORDERED** this  12th  day of January, 2015.

*Richard W. Story*
**RICHARD W. STORY**
United States District Judge

---

[5] Because petitioner is a federal prisoner proceeding under § 2241, he is not required to obtain a certificate of appealability before filing an appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).